**324**

**William V. BOYNTON, Jr.,**

v.

**Gordon G. RYAN.**

**Civ. A. No. 20011.**

United States District Court
E. D. Pennsylvania.

Jan. 8, 1958.

———◇———

Robert W. Sayre (of Saul, Ewing, Remick & Saul), Philadelphia, Pa., for plaintiff.

Henry T. Reath (of Duane, Morris & Heckscher), Philadelphia, Pa., for defendant.

GRIM, District Judge.

While playing a game of golf with one partner, plaintiff was struck in the eye by a ball driven by defendant, a member of the threesome following. The eye was destroyed and plaintiff here sues for damages for the injury. The injury occurred in Pennsylvania.

Plaintiff and his partner hit poor drives off a tee. They walked toward the balls they had driven and, finding that the balls were lost, they invited defendant's threesome to drive and play through. Seeking to avoid being hit by the threesome's drives, plaintiff stood off the fairway to the left, about 100 yards from the tee, by a tree. Other trees partly obstructed his view of the tee and made it difficult for the threesome on the tee to see him. Defendant was the first to drive. He drove at an angle of about 30 degrees to the left and hit the plaintiff. When defendant drove, plaintiff was not looking toward him, nor did plaintiff see the ball before it hit him. No one in defendant's threesome gave any warning before driving.

At the conclusion of plaintiff's case at the trial defendant's motion for a directed verdict in his favor was allowed. The question now before the Court arises from plaintiff's motion for a new trial.

Plaintiff contends that defendant's failure to warn plaintiff of the approach of the golf ball was sufficient evidence of negligence to have the case submitted to the jury.

It can be assumed *arguendo* that defendant was guilty of negligence. Under the law of Pennsylvania, however, which must apply in this diversity case, it seems clear that plaintiff was guilty of contributory negligence. This bars recovery.

The place where plaintiff was standing was within easy range of defendant's drive and where the ball would be likely to go if it hit somewhat off line. In reference to a situation of this kind, the Pennsylvania Supreme Court has said in Getz v. Freed, 1954, 377 Pa. 480, 483, 105 A.2d 102, 103: "A player assumes the risk or is guilty of contributory negligence and want of due care if he intentionally or carelessly walks ahead of

or stands within the orbit of the [golf] shot of a person playing behind him."

 Plaintiff contends that this statement of the Pennsylvania Supreme Court should be disregarded as dictum. That the statement is dictum I agree, but I do not agree that the statement should not be followed. When there is a clear statement of law by the highest court of a state, I feel that it should be followed by federal trial courts in cases involving the law of that state, just as the state trial courts would certainly do, regardless of whether or not it is dictum.

Plaintiff advances as another reason for disregarding the statement in the Getz case the contention that it is a statement not of Pennsylvania tort law but merely of the rules and customs of the game of golf. With this also I must disagree. It is true that the quoted statement of the Pennsylvania Supreme Court comes right after a reference to the rules and customs of golf[1] but by no means was it a statement put into the opinion for other than the usual purpose for which statements are put into opinions. The legal phrases "contributory negligence" and "want of due care" used in the statement certainly are not part of the language of most golfers. This is lawyer's language used in a court's opinion. Certainly the Pennsylvania Supreme Court meant it to be an expression of its opinion on the law of Pennsylvania as to what constitutes contributory negligence in playing golf.

 Even without the quoted statement of the Pennsylvania Supreme Court, plaintiff would appear clearly to have been guilty of contributory negligence. It was extremely careless of plaintiff to invite defendant to hit in his direction and then stand well within the range of the drive without looking toward defendant, enabling himself to follow the ball in its flight. The foliage between plaintiff and the tee undoubt-

edly made plaintiff believe that he was in a safe position. Events proved that he was not, but certainly the fact that limited foliage existed between plaintiff and the tee did not relieve plaintiff of his obligation to protect himself from a ball hit from the tee.

Plaintiff's motion for a new trial is denied.

---

1. The Court said (377 Pa. at page 483, 105 A.2d at page 103): "While few players know all the rules of golf, there are three rules and customs which all golfers know." The quoted part of the opinion was the second of these "rules and customs."